IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00140-CR

 

Kervin Burns,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court # 03-04515-CRF-361

 



MEMORANDUM 
Opinion



 








          Kervin
Burns was found guilty by a jury of aggravated robbery.  Tex.
Pen. Code Ann. § 29.03 (Vernon 2003). 
Burns pled true to one enhancement paragraph and not true to a second
enhancement paragraph.  The trial court
found both enhancement paragraphs to be true and assessed punishment at
thirty-five years’ confinement.  Burns
brings two issues on appeal:  (1) the
evidence is insufficient to prove he used or exhibited a deadly weapon; and (2)
the trial court erred by overruling his objection to a comment on his failure
to testify.

          We
will overrule the issues and affirm the judgment.




BACKGROUND

          A
cashier at a grocery store in College Station testified that Burns entered the store about 2:00 a.m. and tried to change a $100 bill.  After changing the bill with another
customer, Burns left the store.  Burns
returned to the store a short time later and asked the cashier for some
cigars.  Burns then asked the cashier
where the Kool-aid mix was.  The cashier
testified that Burns was carrying a package of meat, but when he returned with
the Kool-aid he no longer had the meat in his hand.  The cashier noticed a bulge under Burns’s
shirt.  Burns then paid for the cigars
and Kool-aid.  The cashier confronted
Burns near the front door and asked for the item under Burns’s shirt.  Burns took the meat out from under his shirt
and handed it to the cashier.  The
cashier then instructed Burns to wait for the police to arrive.  The cashier testified that Burns then told
him that he would not wait for the police and he “wasn’t going back to the
pen.”  Burns then reached into his rear
pocket and produced a pocket knife.  The
cashier described the knife as having a three-inch blade.  He testified that Burns held the knife by his
side and displayed the blade by opening the knife with his thumb.  The cashier testified that he believed that
he might get stabbed if he stayed in Burns’s way and that the knifed could have
caused death or serious bodily injury. 
The cashier backed up and let Burns exit.  

Deadly
Weapon

          Burns
argues that the evidence is insufficient to prove the pocket knife was a deadly
weapon.  Although Burns does not specify,
he seems to be arguing legal, rather than factual, sufficiency.[1]  When reviewing the legal sufficiency of the
evidence, we look at all the evidence in the light most favorable to the
verdict to determine whether a rational finder of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  

          Aggravated
robbery may be committed by using or exhibiting a deadly weapon during the
commission of a robbery.  Tex. Pen. Code Ann. § 29.03.  A deadly weapon is: (A) a firearm or anything
manifestly designed, made, or adapted to the purpose of inflicting death or
serious bodily injury; or (B) anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.  Id. § 1.07(a)(17)(A), (B) (Vernon Supp. 2004-05). 
Under subsection (B), the defendant need not intend to cause death or
serious bodily injury, only to use or intend to use the object in a manner that
is capable of such a result.  McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).  Conduct that threatens deadly force may be
sufficient even though the defendant has no intention of actually using deadly
force.  Id.  Factors
such as the manner of the knife’s use, the size of the blade, the victim’s
description of the knife, express and implied threats made by the accused,
or the physical proximity of the accused and the victim may be offered to
establish a knife’s capacity to cause serious bodily injury or death.  Brown
v. State, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986). The cashier testified
that Burns stated that he would not wait for the police because he was not
going back to prison, and then exhibited the knife.  A rational jury could have found from the
evidence that Burns used the knife to threaten the cashier.  A videotape was shown to the jury showing the
cashier’s and Burns’s proximity to one another at the time the knife was
exhibited.  The cashier testified that
Burns’s words and knife caused him to believe that he would be stabbed if he
did not move out of Burns’s path.  The
cashier testified to the size of the blade, and both he and the investigating
officer testified that a knife with a three-inch blade was capable of causing
serious bodily injury or death.  Viewing
the evidence in the light most favorable to the verdict, we conclude that it is
legally sufficient to support the finding that Burns used or exhibited a deadly
weapon.  We overrule this issue.

Improper Comment

          Burns argues that the trial court
erred by overruling his objection to a comment by the prosecutor on his failure
to testify.  In closing argument, the prosecutor stated:

Now, with intent to maintain control over that
property goes right in there in the course of committing theft.  Nowhere in here has there been anything that
says he did not attempt to maintain control of that property. . . . He intended
to maintain control of that property. 
That’s what is important about in the course of committing theft.  There is nothing, no finding, no evidence
that butts up against each other on those points.

 

At that point, defense counsel objected to
comments on the defendant’s failure to testify. 
The trial court overruled the objection. 


A proper jury
argument must fall within one of four general areas: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to argument of
opposing counsel; and (4) plea for law enforcement.  Guidry v. State, 9 S.W.3d 133, 154
(Tex. Crim. App. 1999).  Comments by a prosecutor referring to a
defendant’s failure to testify violate article 38.08 of the Texas Code of
Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979). 
However, for a statement to constitute a comment on the failure to
testify, the language must either be manifestly intended or of such a character
that the jury would naturally and necessarily take it to be a comment on the
defendant’s failure to testify.  Montoya v. State, 744 S.W.2d 15, 35
(Tex. Crim. App. 1987).

Burns argues that the prosecutor’s argument
called attention to the absence of evidence which only the defendant could
supply, and thus was an improper comment on the defendant’s failure to
testify.  See Patrick v. State, 906 S.W.2d 481, 491 (Tex. Crim. App.
1995).  However, intent to maintain
control over property can be proven by circumstantial evidence.  Wolfe
v. State, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996).  Such intent may be rebutted by circumstantial
evidence as well.  The prosecutor’s
comment could thus reasonably be construed to refer to evidence other than the
defendant’s testimony.  See Patrick, 906 S.W.2d at 491.  The prosecutor’s argument was not such that a
jury would naturally and necessarily take it to be a comment on Burns’s failure
to testify.  We overrule this issue.

CONCLUSION

            Having
overruled the issues, we affirm the judgment.

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed April 13, 2005

Do not publish

[CRPM]











[1]
Burns prays for an acquittal.